**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **BERNARD GRAHAM**, | |
| Plaintiff, | |
| v. | Case No. 24-cv-2611 (CRC) |
| **PAMELA J. BONDI**, | |
| Defendant. | |

**OPINION AND ORDER**

Bernard Graham served in the United States Marshals Service for thirty years.  During

that time, he filed an administrative complaint with the Equal Employment Opportunity

Commission ("EEOC"), alleging that the Marshals Service discriminated against him on the

basis of race.  His claim was ultimately subsumed into an EEOC class complaint that brought

similar claims of race discrimination against the Marshals Service.  The class agents and the

Marshals Service agreed to settle the class complaint, and an EEOC Administrative Judge

approved the settlement—over Graham's objection—in June 2024.  However, the settlement will

not take effect until the agency's Office of Federal Operations resolves two pending appeals and

issues a final approval.

To request payment from the settlement, class participants had to submit a claim form.

The claim form expressly released any claims the class member may have had against the

Marshals Service.  Graham submitted a claim form in January 2024, but he did not sign it.

Instead, he attached a sworn memorandum explaining that he could not sign the form because he

wished to preserve his then-outstanding objection to the proposed settlement.

Three months after the EEOC Administrative Judge approved the settlement, Graham

filed the present lawsuit, again alleging that the Marshals Service engaged in race discrimination.

Because Graham submitted a claim form, the government moved to stay the case pending the Office of Federal Operations' approval of the administrative settlement. For the reasons that follow, the Court will grant the government's stay request.

I.    **Background**

Graham joined the Marshals Service in 1990. First Amended Complaint ("FAC") ¶ 10. He served in a variety of roles during his 30-year service: he was a Deputy U.S. Marshal, a Supervisory Inspector at the Marshals Service Training Academy, a Congressional Fellow, a Supervisory Deputy U.S. Marshal, and the Chief of Staff at INTERPOL Washington. Id. ¶¶ 10–19. Graham submits that, notwithstanding his years of experience, he was repeatedly denied promotions and leadership opportunities within the Marshals Service because he is African American. Id. ¶¶ 37, 40–43.

In 2008, Graham filed a formal complaint with the EEOC, claiming that the Marshals Service engaged in race discrimination by not selecting him for several positions at a higher pay scale. Off. of Fed. Operations Decision (ECF No. 16-2) at 1. Two years later, an EEOC Administrative Judge held Graham's complaint in abeyance because a putative class action complaint raising similar claims was pending before another court in this district. Id. After Graham appealed, the EEOC Office of Federal Operations reversed the Administrative Judge's decision and ordered the EEOC to process Graham's complaint. Id. at 2.

While Graham's appeal was pending, the EEOC granted class certification in a separate administrative class complaint brought by other African American employees of the Marshals Service. FAC ¶ 8; see also Order Granting Prelim. Approval of Settlement Agreement, Fogg v.

2

Garland, 1 No. 570-2016-00501X (E.E.O.C. Sept. 21, 2023).[1]  After Graham's successful appeal,

his complaint was subsumed within the administrative class action.  FAC ¶ 8.  Following several

years of discovery and prolonged negotiations, the class agents and the Marshals Service reached

a settlement agreement.  Id.; Mot. to Stay at 5.  In September 2023, the Administrative Judge

overseeing the class action preliminarily approved the agreement.  See Order Granting Prelim.

Approval of Settlement Agreement (ECF No. 14-6).  Class members could object to the

proposed settlement agreement, or they could submit a claim form to request payment from the

settlement.  Class Compl. Notice of Resolution (ECF No. 14-5) at 3–4.  By submitting a signed

claim form, a claimant expressly released any and all claims arising out of the administrative

class action that he or she may have had against the Marshals Service.  Claim Form & Release

(ECF No. 14-2) at 10–11.

     Graham took both approaches.  He first filed an objection to the settlement agreement.

FAC ¶ 8.  He then submitted a claim form to obtain proceeds from the settlement.  Claim Form

& Release at 11.  Graham printed his name on the claim form, but he declined to sign it.  Id.

Instead, he attached a sworn memorandum explaining that due to his unresolved objection to the

settlement, he could not "sign the Claim Form as provided because it includes provisions

waiving rights that would nullify [his] objection."  Memorandum (ECF No. 14-2) at 1.

     In June 2024, the EEOC granted final approval of the class settlement.  FAC ¶ 8.  The

approval was twice appealed to the Office of Federal Operations, and those appeals remain

pending.  Mot. to Stay at 6.  The class agents and the Marshals Service submitted a settlement

---

[1] The name of the administrative class action was subsequently changed to Hedgepeth v. Garland, No. 570-2016-00501X (E.E.O.C.).  See FAC ¶ 8.

implementation plan to the EEOC in June 2025.  See Settlement Implementation Plan (ECF No.
14-7).

"Dissatisfied" with the class settlement, Graham "abandoned the administrative process"
and filed this lawsuit in September 2024.  Pl. Opp'n to Mot. to Stay at 6.  As the government
correctly notes, several of the alleged discriminatory acts cited in Graham's complaint match the
discriminatory acts listed on his claim form.  Compare FAC ¶¶ 34, 36 n.2 with Claim Form &
Release at 5.

## II.    Legal Standards

"A trial court has broad discretion to stay all proceedings in an action pending the
resolution of independent proceedings elsewhere." Drug Reform Coordination Network, Inc. v.
Grey House Publ'g, Inc., No. 14-cv-701, 2015 WL 13668667, at *1 (D.D.C. Aug. 5, 2015)
(citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).  The Court's discretion is "incident to
its power to control its own docket."  Maine Lobstermen's Ass'n, Inc. v. Nat'l Marine Fisheries
Serv., No. 21-cv-2509, 2023 WL 7128474, at *2 (D.D.C. Oct. 30, 2023) (quoting Clinton v.
Jones, 520 U.S. 681, 706 (1997)).  In exercising that discretion, courts must "'weigh competing
interests and maintain an even balance' between the court's interests in the judicial economy and
any possible hardship to the parties."  Belize Soc. Dev. Ltd. v. Gov't of Belize, 668 F.3d 724,
732–33 (D.C. Cir. 2012) (citations omitted).  Because the government moved for a stay, it "bears
the burden of establishing its need."  Clinton, 520 U.S. at 708.  A stay order is warranted if "such
need overrides the injury to the party being stayed."  Belize Soc. Dev., 668 F.3d at 732 (quoting
Dellinger v. Mitchell, 442 F.2d 782, 787 (D.C. Cir. 1971)).

### III.  Analysis

The government asks the Court to stay this case "pending resolution of the administrative class action settlement agreement."  Mot. to Stay at 1.  In its view, the balance of harms weighs in favor of granting a stay, which "would also promote efficient use of the Court's resources.  Id. at 8.

This is the second time this Court has considered a motion for a stay pending final approval of the administrative class action settlement agreement.  In Fogg v. Bondi, No. 24-cv-792 (CRC), 2025 WL 1807763 (D.D.C. July 1, 2025), the Court granted the government's motion to stay a former Deputy U.S. Marshal's putative class action against the Marshals Service.  The plaintiff—who was once a class agent in the administrative class action—brought several Title VII claims before the Court, including race discrimination, retaliation, and maintaining a hostile work environment.  However, two months before he filed the complaint, the plaintiff submitted a signed claim form "releasing all claims against the Marshals Service." Fogg, 2025 WL 1807763, at *7.  Notwithstanding the plaintiff's critiques of the claim form, the Court concluded that the "'interests of judicial economy' favor[ed] a stay."  Id.  First, it would have been "inefficient to proceed with litigation . . . only for the issue of [the plaintiff's] waiver to become ripe once the Office of Federal Operations approves the settlement agreement."  Id. Second, the plaintiff would "suffer little hardship from waiting for EEOC approval of the settlement agreement," as "his claims [were] likely barred by the release he signed."  Id.  Third, "requiring the government to participate in discovery on claims that are ultimately likely to be barred or unsuccessful would impose unnecessary burdens."  Id.

To be sure, this case is distinguishable from Fogg in at least one key respect:  While the plaintiff in that case signed his claim form, Graham did not.  Instead, Graham printed his name

on the claim form and indicated that he did not sign it "because it includes provisions waiving rights that would nullify" his then-pending objection to the class settlement agreement. Memorandum at 1. The parties agree, however, that Graham's filing of a claim form "may be construed as an 'intent to obtain proceeds from the settlement.'" Pl. Opp'n to Mot. to Stay at 7 (quoting Mot. to Stay at 8).[2] And, as this Court concluded previously, "any claims resolved by the class settlement will be barred by res judicata." Fogg, 2025 WL 1807763, at *6.

Thus, without deciding whether Graham released his claims against the Marshals Service, the Court concludes that the interests of judicial economy favor a stay here too. First, the issue of whether Graham's claim form would bar him from bringing this lawsuit will not become ripe unless and until the Office of Federal Operations approves the settlement agreement. See id. at *7; Rohr Indus., Inc. v. Washington Metro. Area Transit Auth., 720 F.2d 1319, 1325 (D.C. Cir. 1983) (recognizing that "notions [of judicial efficiency] clearly have a role to play when a court is confronted with a case the resolution of which could benefit from the prior conclusion of a related administrative proceeding"); Bridgeport Hosp. v. Sebelius, No. 09-cv-1344, 2011 WL 862250, at *1 (D.D.C. Mar. 10, 2011) ("[A] stay of the proceedings in one case is justifiable even where the parallel proceedings 'may not settle every question of fact and law,' but would settle some outstanding issues and simplify others." (quoting Landis, 299 U.S. at 256)). Second, Graham has not identified any hardship that he would face from waiting for the Office of Federal Operations' approval of the settlement agreement. See Cube Infrastructure Fund SICAV v.

_____

[2] Graham contends that "nothing about filing his claim [form] by the deadline can be construed as a waiver of his right to bring a civil action." Pl. Opp'n to Mot. to Stay at 7. But Graham indicated that he declined to sign the claim form because it would "nullify [his] objection," not because it would waive his right to bring a civil action. Memorandum at 1. The Administrative Judge subsequently approved the settlement agreement, over whatever objection Graham had to the agreement. And neither party indicates that Graham has continued to pursue his objection through either of the two pending appeals before the Office of Federal Operations.

Kingdom of Spain, No. 20-cv-1708, 2021 WL 7447978, at *3 (D.D.C. May 17, 2021) (granting

defendant's motion to stay in part because plaintiffs did not "identif[y] any hardship they might

face" from a stay); Phil Waldrep Evangelistic Ass'n v. Small Bus. Admin., No. 22-cv-153, 2023

WL 10553640, at *1 (D.D.C. Mar. 14, 2023) (same).  Third, requiring the government to engage

in discovery for claims that hinge on an unripe issue while simultaneously seeking approval of a

parallel administrative class settlement "would impose an unnecessary burden."  Fogg, 2025 WL

1807763, at *7.  Thus, the weight of the parties' "competing interests" tips in the government's

favor.  Belize Soc. Dev., 668 F.3d at 732 (citation omitted).

## IV.  Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that [14] Defendant's motion for a stay is **GRANTED**.  It is further

**ORDERED** that, within sixty days of this Order and every sixty days thereafter, the

parties shall file a joint status report informing the Court of the status of the pending appeals of

the administrative class action settlement in Hedgepeth v. Garland, EEOC Case No. 570-2016-

00501X.  It is further

**ORDERED** that the parties shall notify the Court within thirty days of any final approval

of the administrative class action settlement.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date:  October 7, 2025

7